UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Crim. No. 21-57 (TNM)** |
| **v.** : | |
| : | |
| **NICHOLAS RODEAN,** : | |
| : | |
| **Defendant.** : | |

## GOVERNMENT'S PROPOSED DISCOVERY AND BRIEFING SCHEDULE

This case arises from the January 6, 2021 breach of the U.S. Capitol. The investigation and prosecution of these cases is one of the largest in American history, both in terms of the number of defendants prosecuted and the nature and volume of the evidence collected. This presents a correspondingly expansive and complex discovery project.

This case involves a single defendant. Nevertheless, there will likely be information about the January 6 breach, in general, that is relevant to the defendant's case. In particular, the defendant may deem information not directly related to his conduct to be exculpatory. For example, in other Capitol breach cases, the government has received requests for all information that any member of law enforcement moved barricades, opened or held doors open, stepped aside or allowed persons to enter or stay within the Capitol. Such information, to the extent it exists, may be dispersed throughout voluminous materials and media accumulated in this matter thus far, including but not limited to (a) more than 16,000 hours of surveillance and body-worn camera footage from multiple law enforcement agencies; (b) at least 2,000 digital devices; (c) the results of hundreds of searches of electronic communication providers; (d) over 237,000 tips, of which a substantial portion include video, photo and social media; and (e) over 240,000 serials and

attachments amassed by the Federal Bureau of Investigation, including, but not limited to, additional tips, law enforcement interviews of suspects and witnesses, and other investigative steps.

In order to scrupulously protect defendants' rights, the government continues to refine and execute a comprehensive approach for storing and searching the materials in its possession as well as tracking, processing, and producing discovery in these matters. Under the plan, the materials most directly and immediately related to a particular case are being produced to that defendant in a timely fashion,[1] and a system is being developed for storing, organizing, searching, producing and/or making available additional materials that have been collected across this entire investigation. The government continues to work closely with the Office of the Federal Public Defender ("FPD") to ensure that our comprehensive disclosure plan will be workable for the hundreds of defendants charged.

Developing a system for storing and searching, producing and/or making available voluminous materials accumulated across hundreds of investigations, and ensuring that such a system will be workable for all parties is a complex and time-consuming endeavor. A critical part of this plan requires that a multi-faceted electronic evidence discovery environment, including databases for documents, video and social media evidence, be established to host the government's information and identify and produce discoverable materials in optimal formats. Further, the plan will require that FPD obtain its own database to host the materials that are produced.[2]

---

[1] As previously described to the Court, the materials most directly relevant to the defendant's charges have already been provided in this case.

[2] In the government's discussions with FPD, we have proposed that FPD develop a system for sharing those materials among all counsel who represent Capitol breach defendants, to the extent it may be authorized and capable of doing so.

2

As of June 1, 2021, the government has engaged a technology vendor to assist in hosting the government databases described above. Transitioning to the vendor is an enormous and complex project. It will take time to transfer, process, load and search the information in the government's possession, with the materials continuing to grow as the investigation persists. Even after materials are identified, they will need to be reviewed and appropriately designated or redacted to ensure fulsome disclosure, while balancing the government's legitimate interests, such as ensuring witness security, protecting against the dissemination of Personally Identifiable Information (PII) and materials protected by the attorney-client privilege, and protecting victim's rights to be free from harassment and unnecessary disclosures. Finally, the discoverable materials will need to be processed and quality-checked to ensure the productions are accurate, complete and accessible to the defense.

Despite the government's Herculean efforts, this system will not be fully functional within any pretrial schedule based on the current trial date. The government still continues to collect discoverable materials from entities that responded to the riot or otherwise possess relevant information. The government does not believe it will be able to process, load, search, and review all the relevant materials it has accumulated in the riot investigation before the currently set trial date. The government also does not believe defense counsel will be able to meaningfully access and review the voluminous materials before trial without the aid of database resources.

With those caveats, the government proposes the following schedule for discovery in this matter:

1.      By August 13, 2021, the government will provide to the defendant all materials as

prescribed by Fed. R. Crim. P. 16(a)(1)(A), (B), (D), (E), (F), and (G).

2. By August 13, 2021, the defendant will provide to the government all materials as prescribed by Fed. R. Crim. P. 16(b).

3. By September 24, 2021, the government will provide to the defendant any potentially exculpatory materials as prescribed by Fed. R. Crim. P. 5(f)(1).

4. By October 1, 2021, the defendant will specifically request from the government any additional materials that he deems to be exculpatory.[3]

5. By October 11, 2021, the government will either (1) provide the materials requested by the defendant in No. 4, *supra*; (2) advise the defendant that such materials do not exist; or (3) oppose the production of such materials.

6. By October 15, 2021 the government will provide to the defendant any impeachment materials related to any individuals, whom the government intends to call as witnesses in the trial of this matter. *See Giglio v. United States*, 405 U.S. 150 (1972).

7. By October 21, 2021, the government will provide to the defendant witness statements pursuant to 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2.

The government also proposes the following schedule for briefing in this matter, but stresses that it is doing so only under the constraints described above and in an effort to comply with the Court's request that a briefing schedule be provided by June 4, 2021.  The considerations

---

[3] Even recognizing that the prosecution will err on the side of disclosure, the government's disclosure efforts will be greatly facilitated if the defendant identifies any particular exculpatory or impeaching information he believes to exist. *See United States v. Moore*, 651 F.3d 30, 99-100 (D.C. Cir. 2011) ("The Supreme Court has instructed that the prudent prosecutor will resolve doubtful questions in favor of disclosure . . . This is particularly true where the defendant brings the existence of what he believes to be exculpatory or impeaching evidence or information to the attention of the prosecutor and the district court, in contrast to a general request for *Brady* material. *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987).)

described above may necessitate further adjustment of this schedule:[4]

1. Motions from each party will be due on August 27, 2021.

2. Oppositions will be due on September 17, 2021.

3. Replies will be due on September 24, 2021.

                         Respectfully submitted,

                         CHANNING D. PHILLIPS
                         Acting United States Attorney
                         DC Bar No. 415793

By:          /s/
Kevin Birney
Assistant United States Attorney
Attorney Bar No. 1029424
555 Fourth Street, N.W., Room 4828
Washington, DC   20530
kevin.birney@usdoj.gov
(202) 252-7165

---

[4] After conferring with counsel for defendant Rodean, the government believes that the defense objects to the proposed dates.