UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **NICHOLAS RODEAN**, <br><br> Defendant. | Case No. 1:21-cr-00057 (TNM) |

## ORDER

Before the Court is the Government's motion in limine to limit cross-examination of U.S. Secret Service witnesses.  *See* Mot. in Limine (Motion), ECF No. 35.  Among the charges the Government brings against Rodean is violation of 18 U.S.C. §§ 1752(a)(1), (2), and (4).  The statute makes it a misdemeanor to knowingly enter or remain in a restricted building or grounds without lawful authority.  *See Wilson v. DNC Servs. Corp.,* 417 F. Supp. 3d 86, 98 (D.D.C. 2019), *aff'd*, 831 F. App'x 513 (D.C. Cir. 2020).  It defines "restricted building or grounds" to include any building or grounds temporarily visited by a person under Secret Service protection. *See* 18 U.S.C. § 1752(c)(1)(B).  Motion at 1.  The Government wants the Secret Service to testify that it was performing its protective function on January 6—thus proving an individual under Secret Service protection was at the Capitol—without having to disclose sensitive information about Secret Service tactics and operations that day.  *See* Motion at 2.

But the Government has a problem.  The superseding indictment says that then Vice President-elect Harris was at the Capitol when Rodean entered it.  *See* Superseding Indictment at 2–3, ECF No. 12 (Counts Three, Four, and Five).  She was not.  News outlets reported this mere

days after January 6.¹  And recognizing that fact, the Government has, in other cases, filed a superseding indictment to correct its error.

For example, in *United States v. Secor*, 21-cr-00157-TNM, Count Four of the indictment charged Secor with violating 18 U.S.C. § 1752(a)(1).  *See Secor,* ECF No. 7 at 3.  The indictment stated that the "Vice President and Vice President-elect were temporarily visiting" the Capitol when Secor broke in.  *See id.*  The superseding indictment changed Count Four to state that only the Vice President was visiting the Capitol during the riots.  *See Secor*, Superseding Indictment at 3, ECF No. 28; *see also United States v. Matthew Council*, 21-cr-00207-TNM, Indictment at 2–3, ECF No. 11 (referencing the Vice President-elect in Counts Three and Four), Superseding Indictment at 2–3, ECF No. 35 (referencing only the Vice President in Counts Three and Four).  Yet here, over a year after first charging Rodean under § 1752(a) and nearly a year after misleading the grand jury about the whereabouts of the Vice President-elect, the Government has still not explained or remedied its mistake.  The Government compounds this error by repeatedly referring to the presence of the Vice President-elect in the Capitol in its motion in limine.  *See* Motion at 1 and 5.

---

¹ Chelsea Janes, *For friends and allies of Kamala D. Harris, deadly Capitol attacks prompt fresh fears*, THE WASHINGTON POST (Jan. 14, 2021), https://www.washingtonpost.com/politics/harris-fears-safety/2021/01/13/bbd3d31a-54ff-11eb-a817-e5e7f8a406d6_story.html ("The day of the mob attack on the Capitol, Harris had received an intelligence briefing in the morning and had not returned to the Senate before rioters broke in. She was kept away from the Capitol until the facility was secured."); Noah Bierman, *Kamala Harris says nation will 'find a moment' to celebrate inauguration amid pandemic grief,* LOS ANGELES TIMES (Jan. 17, 2021), https://www.latimes.com/politics/story/2021-01-17/kamala-harris-speaks-with-the-times ("[Vice President-elect Harris] said she had been at the Capitol earlier that day for a meeting of the Senate Intelligence Committee and was working elsewhere in Washington when she was evacuated. She said she watched the mob enter the Capitol on television from a secure location . . . .").

This all suggests a certain lack of attention and care in the prosecution of this case, undermining any confidence the Court can have in the Government's representations. Because of the misleading charges the Government has brought against Rodean, the Court will not allow Secret Service witnesses to testify generally about the presence of protected individuals. Section 1752(a) requires the presence of an individual under Secret Service protection. If the Government wishes to continue to pursue this misdemeanor charge, it must be prepared to fully prove it.

For these reasons, it is hereby

**ORDERED** that the Government's [35] Motion in Limine to Limit Cross-Examination of Secret Service Agency Witnesses is DENIED.

**SO ORDERED**.

Dated: February 10, 2022                                TREVOR N. McFADDEN
                                                        United States District Judge