UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 21-CR-57 (TNM) |
| v. | : | |
| | : | |
| NICHOLAS RODEAN, | : | |
| | : | |
| Defendant. | : | |

**MOTION FOR RECONSIDERATION OF ORDER DENYING TOLLING OF TIME PURSUANT TO THE SPEEDY TRIAL ACT OR IN THE ALTERNATIVE MOTION TO SET TRIAL WITHIN THE SPEEDY TRIAL TIME**

The United States respectfully submits this Motion for Reconsideration of Order Denying Tolling of Time Pursuant to the Speedy Trial Act or in the Alternative Motion to Set Trial Within the Speedy Trial Time.  As set forth below, the current trial date of June 3, 2022 appears to have been set to accommodate a number of factors including the schedule of defense counsel.  Absent tolling of time under the Speedy Trial Act, 18 U.S.C. § 3163 *et seq.*, however more than 70 non-excludable days will lapse before June 3, which would violate the Speedy Trial Act.  *See* 18 U.S.C. § 3161(c)(1).  In order to avoid such a violation, the government requests that the time until the June 3, 2022, trial date be tolled in the interest of justice, or, alternatively, that the Court set a trial date before April 7, 2022, when, under the government's calculation, the Speedy Trial clock is due to expire.

The Charges

Nicholas Rodean was arrested on January 13, 2021, based on a Complaint charging him with violations of Title 18, United States Code §1752(a)(1), knowingly entering or remaining in any restricted building or grounds without lawful authority; Title 18, United States Code §1752(a)(2), knowingly, with intent to impede Government business or official functions,

1

engaging in disorderly conduct on Capitol grounds; and Title 40, United States Code §5104(e)(2)(G), parading, demonstrating, or picketing in the Capitol buildings. On that same day, he was released on conditions.

On January 29, 2021, an Information was filed charging Mr. Rodean with the same charges as set forth in the Complaint and an additional charge of violating Title 40, United States Code §5104(e)(2)(D), violent entry and disorderly conduct in a Capitol building.   An Indictment[1] was filed on March 19, 2021, charging Mr. Rodean with violating Title 18, United States Code §§ 1512(c)(2), 2, obstruction of an official proceeding; Title 18, United States Code § 1361, destruction of government property; Title 18, United States Code § 1752(a)(4), Title 40, United States Code § 5104(e)(2)(F), act of physical violence in the Capitol grounds or building; in addition to all of the counts in the Information. Mr. Rodean was arraigned on the Indictment on March 22, 2021.   He pled not guilty to all counts and his release status was not changed.   On March 9, 2022, a Second Superseding Indictment was filed against Mr. Rodean.   That Indictment dropped the obstruction of an official proceeding charge under section 1512(c)(2), 2, and modified the language of the Title 18, United States Code §1752(a) counts to delete any reference to the Vice President-Elect. Rodean remains on pretrial release.

<u>The Trial Date and Speedy Trial Clock</u>

During a Status Conference on November 8, 2021, the Court set this matter for a bench trial on June 3, 2022, with a status conference to be held January 21.   Prior to the June 3 date being set, there was a discussion between this Court and counsel to come up with a date that worked for all parties.   The government indicated a trial date would be fine "as long as we're looking into the spring or even summer." (Transcript Status Conference November 8, 2021, page

---

[1] The docket sheet refers to Superseding Indictment although there was no prior Indictment filed.

4).    The government indicated the case could take up to two weeks and suggested July for the trial. (*Id.* at 5*)*.    This Court then suggested the week of April 4.    Defense counsel indicated he had a long trial in Baltimore that started on April 4 that was to take the entire month, rendering him unavailable. Defense counsel further indicated he had "another trial that's not quite so long in July. I'm sorry, I have a bunch of trials that all got continued for COVID and are being set now.    So I've discussed this with Mr. Rodean.    He's doing well on release.    He wouldn't object to even setting something towards the end of the summer if Your Honor sees fit to set it out that far and that space since my spring is a little booked up." (*Id.)*. Based principally on defense counsel's schedule, this Court then scheduled the trial for June 3.    The government, with concurrence from the defense, moved to exclude time from November 8 to the January 21, 2022, status conference. This Court stated that "given the ongoing discovery and the scheduling issues, specifically Mr. Burnham being a very popular defense attorney" and that the interest of justice outweighing the right to a speedy trial, the speedy trial time would be tolled until January 21. (*Id.* at 8). On January 19, the United States moved for a brief continuance to move the January 21 hearing and it was set for January 24, 2022.    Time was tolled until January 24.

At the status conference on January 24, 2022, the United States moved that time under the Speedy Trial Act be tolled from January 24, 2022, to the previously set trial date of June 3, 2022. The government's basis for the motion was the complications of the "Coronavirus and Omicron strain and where the things are with the courts." (ECF 39, p.8).    At this Court's request, the government provided a brief update on the status of discovery.    Defense counsel then reminded the court "at the last status hearing Mr. Rodean and I were pushing for little bit later trial date than the Court ended up setting" and to also review where the case was with respect to discovery. (ECF 39, p. 12) (cleaned up). Defense counsel further represented to the Court that his "concern with

3

the timeline of this case and discovery remains very much as we stated them at the last hearing." (ECF 39, p. 13).

The following exchanged then occurred:

> THE COURT: All right. So, I guess—that's what I'm trying to get on top of. Because I'm not willing just for this to go on indefinitely. If you're telling me, Mr. Burnham, that you don't think you have time, based on what is currently in front of you, to prepare for trial, that's one thing. If you're telling me that you're concerned that discovery is going on indefinitely and who knows when you're going to be ready, that's a different concern in my mind.
> MR. BURNHAM: It's both, Your Honor. It's both based on what I've received, including Discovery 10, that would be sufficient by itself, and then what may come in an additional issue.   *Id.*

When the government pointed out that the June 3 trial date would fall after the speedy trial clock would expire, this Court responded, "I understand that. I'm obviously willing to reconsider this in a month. I understand that point, but I hope you understand mine, too, that we need to have –we need to kind of reach the bottom on the universe of information that Mr. Burnham needs to prepare for. And this case is almost a year old. It's hard for me to understand why we aren't there yet." (ECF 39, p. 17).

A continued status conference was set for February 18.  At the February 18, 2022, hearing, the government again renewed its motion to toll the speedy trial time until the June 3 trial and this Court denied the motion.

Discussion

To avoid dismissal of this case under the Speedy Trial Act, *see* 18 U.S.C. § 3162(a)(2), the government moves for reconsideration of the Court's denials of the motions to toll time under the Speedy Trial Act because the ends of justice served by tolling outweigh the best interest of the public and the defendant for a speedy trial, 18 U.S.C. § 3161(h)(7)(A). (Oral motion January 24, 2022; oral motion February 18, 2022).  In addition to the discovery-related reasons supporting

4

tolling previously described by the government, tolling is also appropriate given the availability of Court and counsel when the trial date was selected. As described above, the June trial date was set based upon the Court's calendar and the availability of counsel for the defense. At the time it was set, the Court had been tolling time under 18 U.S.C. § 3161 with the consent of the defendant, and the government had understood that the time would ultimately be tolled until the agreed-upon trial date. Without further tolling, the government calculates that the Speedy Trial Act will expire April 7, 2022. In the alternative, the government requests that the Court set a trial date prior to April 7, 2022.

## **Conclusion**

For the reasons set forth above, the government renews its request to toll time in this matter in accordance with 18 U.S.C. § 3161(h)(7)(A) or in the alternative to set a trial date before April 7, 2022.

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                DC Bar No. 481052

By: /*s/ Susan T. Lehr*
                SUSAN T. LEHR
                Assistant United States Attorney
                Ne Bar No. 19248
                District of Columbia
                Capitol Riot Detailee
                1620 Dodge Street, #1400
                Omaha, NE   68102
                Telephone: 402-661-3715
                Email: susan.lehr@usdoj.gov