IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| United States | ) | |
| | ) | |
| v. | ) | NO. 1:21cr57 |
| | ) | |
| Nicholas Rodean | ) | |
| | ) | |
| Defendant. | ) | |

# DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO RECONSIDER

## INTRODUCTION

This Court's speedy trial rulings during the January 24 and February 18 status conferences in this case were both a reasonable response to the government's discovery delays and an entirely justified application of the Speedy Trial Act.

The government's Motion to Reconsider does not even attempt to satisfy the Rule 59(e) standard adopted by this Court for consideration of such motions. Moreover, even on the merits, the government's motion offers no basis to revisit any of this Court's prior rulings. This Court should therefore deny the motion.

## BACKGROUND

This Court initially set Mr. Rodean's case for an October 18, 2021 trial during the May 26, 2021 status conference. ECF 5/26/21 (Minute Entry). This Court set a discovery schedule requiring the government to produce Rule 16 materials by August 13 and all exculpatory evidence by September 24. ECF 21.

At the July 30, 2021 status conference, Mr. Rodean requested a continuance of the October trial date based on the fact that the government would not be able to complete

discovery in time for the trial. ECF 7/30/21 (minute entry). The Court granted Mr. Rodean's request.

At the November 8, 2021 status, this Court set the June 3 trial date and tolled the speedy trial clock in the interests of justice until the January 21, 2022 status. ECF 11/8/21 (Minute entry). At the January 24, 2022 status hearing, the government could not represent to the Court that discovery productions would be complete in time for their effective use at a June 3 trial.[1] The Court declined to toll the speedy trial clock.

This Court held another status on February 18, 2022. The government stated again it could not represent to the Court that discovery would be complete in time for its effective use at a June 3 trial. The Court continued the matter for a status on March 23 and again declined to toll the speedy trial clock.

On March 17, the government moved to reconsider this Court's speedy trial ruling or, in the alternative, to advance the trial. Mr. Rodean opposes the motion for the reasons set forth below.

## ARGUMENT

**I.   The Government's Motion Should be Denied Because There is No Change in Controlling Law, Newly Discovered Evidence, or Other Change in Circumstance that Would Warrant Reconsideration Under Rule 59**

The federal rules of criminal procedure do not provide for motions to reconsider. However, many members of this Court have allowed such motions and have adopted the standards of review from Federal Rule of Civil Procedure 59(e) to decide them. *United States v. Cabrera*, 699 F.Supp.2d 35, 40 (D.C. 2010)(collecting cases).

---

[1] The status was continued at government request from January 21 to January 24. ECF 1/19/22 (Minute Order).

A Rule 59(e) motion "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

Motions to Reconsider should be reserved for "extraordinary circumstances" and should not be used to bring to the Court's attention "arguments that could have been advanced earlier." *United States v. Trabelsi*, 2020 WL 1236652, *7 (D.C. 2020)(denying motion to reconsider where defendant in criminal case "failed to offer any significant, new, and previously unavailable evidence").

The government's motion does allege a change in controlling law subsequent to this Court's speedy trial ruling or allege new evidence. The government's motion is simply a rehash of arguments that could have been made at prior hearings.[2] This Court should therefore deny the motion without reaching the merits.

## II. Motions to Reconsider by the Government Should Be Particularly Disfavored in the Speedy Trial Context

As stated above, *any* Motion to Reconsider should be denied absent a showing of "extraordinary circumstances." This general rule is particularly important in the speedy trial context. Government motions to reconsider speedy trial rulings in the absence of any changed circumstance do not merely burden this Court's docket but have an important impact on defendants' rights. The speedy trial clock can be tolled by the filing of a pretrial motion. 18 U.S.C.§ 3161 (h)(1)(D). This provision is susceptible to misuse because the government has the ability to negate adverse speedy trial rulings by

---

[2] Although the government has obtained transcripts and quoted various portions thereof, this obviously does not constitute "new evidence" for Rule 59(e) purposes.

simply moving to reconsider. This concern is especially acute where, as here, the motion does not even purport to be based on new evidence or changes in controlling law. As a policy matter therefore, courts should set an extraordinarily high bar for considering government motions to reconsider adverse speedy trial rulings.

Here, the government filed a Motion in Limine shortly after the first adverse speedy trial ruling. ECF 34. The government's motion in limine was filed well in advance of any motions deadline. This Court denied the motion two days after the government filed it. ECF 36. The government filed the instant motion to reconsider on March 17. ECF 42. The motion does not even acknowledge this Court's stringent standards for motions to reconsider, as described above. Denying the government's motion will insure that § 3161(h)(1)(D) is not used by the government to circumvent adverse speedy trial rulings from this Court. *Compare.*, *United States v. Rojo-Alvarez*, 944 F.2d 959, 966 (1st Cir. 1991) (excluding time based on pretrial motions where "there appears to be no evidence of pretextual filing on the part of the government").

### III. This Court was Correct to Decline to Toll the Speedy Trial Clock

As explained above, this Court need not reach the merits of the government's motion because it does not even attempt to satisfy this Court's standards for Motions to Reconsider. However, even were this not the case, it is clear that this Court's speedy trial rulings were correct.

Although the Speedy Trial Act allows for exclusion based on the ends of justice, such exclusions may not be based on "lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C). Delays in producing discovery have been found to weigh against the

government for speedy trial purposes. *United States v. Alvin*, 30 F.Supp.3d 323, (E.D. Pa. 2014)[3]; *United States v. Crane*, 776 F.2d 600, 605 (6th Cir. 1985)(reversing denial of motions to dismiss for speedy trial where government had not complied with "the court's standing orders concerning matters of pretrial preparation.")

This Court has expressed concerns with the pace discovery at almost every hearing so far in this case. In May 2021, the Court set a Rule 16 discovery deadline of August 16, 2021 and a *Brady* discovery deadline of September 24. ECF 21. The government failed to meet these deadlines. This Court declined to extend speedy trial on January 24, 2022 and again on February 18 and discovery has remained incomplete.

As the Court has noted at various status hearings, the discovery difficulties in this case were not inevitable, but rather flowed from various prosecutorial decisions with respect to the January 6 incident. Mr. Rodean and the other defendants should not be forced to make a choice between indefinite speedy trial delays and going to trial without full discovery. *Alvin*, 30 F.Supp.3d at 343. ("The Government asserts that *Alvin* bears responsibility for this delay because he requested the continuance. However, *Alvin* was put in the position of requiring the continuance by the Government's failure to turn over discovery."). It was well within this Court's discretion to decline to extend speedy trial tolling and those rulings should not be disturbed.

The government argues that tolling is appropriate "given the availability of Court and counsel when the trial date was selected." Mtn. at 5. However, the government ignores that previous trial date set for October had to be continued due to discovery issues.

---

[3] Although *Alvin* dealt with a purely constitutional speedy trial claim, the same logic clearly applies to the statutory analysis.

Moreover, as even the government acknowledges, the June 3 trial date was set based not only on the schedule of counsel but also on "ongoing discovery…issues." Resp. at 3. Finally, the government has not represented that it can complete discovery in time for its effective use by the June 3 date. The fact that counsel's schedule played some rule in selection of the June 3 date does not negate the fact that the pace of discovery has been the driving factor in the length of this case. It does not constitute a basis to revisit this Court's previous speedy trial rulings.

## CONCLUSION

For the foregoing reasons, Mr. Rodean requests that the government's Motion to Reconsider be denied.

Respectfully Submitted,

By:

/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173
charles@burnhamgorokhov.com

Case 1:21-cr-00057-TNM   Document 46   Filed 03/25/22   Page 7 of 8

**CERTIFICATE OF SERVICE**

I have served this filing on the government through the ecf system.

                                                Respectfully Submitted,

                                                By: /s/ *Charles Burnham*
                                                Charles Burnham VSB # 72781
                                                *Attorney for the Accused*
                                                Burnham & Gorokhov, PLLC
                                                1424 K St. NW, Suite 500
                                                Washington, DC 20005
                                                (202) 386-6920 (phone)
                                                (202) 765-2173 (fax)
                                                charles@burnhamgorokhov.com