UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:21-cr-00057-TNM |
| | : | |
| **NICHOLAS RODEAN,** | : | |
| | : | |
| **Defendant.** | : | |

### REPLY IN SUPPORT OF MOTION IN LIMINE REGARDING AUTHENTICATION OF CERTAIN VIDEO EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following reply to its motion *in limine* regarding the authentication of certain video evidence at trial. *See* Dkt. 47. The government's motion *in limine* was filed on the deadline for pretrial motions and seeks a pretrial ruling from the Court on a matter of authentication of a particular type of video evidence that may impact the government's trial presentation. The defendant's argument that the motion is premature and that it should be denied without prejudice is without merit.

On January 3, 2022, the Court set a pretrial motions deadline of April 1, 2022. On that deadline, the government filed just one motion, the present motion *in limine*. That motion seeks a pretrial ruling from the Court regarding the manner in which the government intends to authenticate, and thereby introduce, certain video evidence at trial. As discussed in the motion *in limine*, authentication of such video may be accomplished in a variety of ways, and the government wishes to determine prior to trial the manner in which it should proceed. Without providing any legal analysis regarding the issues raised, the defendant argues that the issue should simply wait until trial; but that risks the sort of uncertainty, disruption, and delay in the trial proceedings that

1

motions *in limine* help to avoid.  *See* Fed. R. Evid. 104 (the Court may determine in advance of trial "[p]reliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the *admissibility of evidence*." (emphasis added).  The motion *in limine* was properly filed on the Court's deadline for such motions, and should be granted.

The defendant also argues that the Court should not exclude from the Speedy Trial Act calculations the time during which the government's pretrial motions have been pending.  In addition to the present motion, the government has filed just two others since the Court set the June 3, 2022, trial date.  First, shortly after the Court announced the pretrial motions deadline, the government filed a motion *in limine* to preclude cross-examination of witnesses from the United States Secret Service regarding sensitive matters.  The Court denied the motion shortly after it was filed.

There is no basis to deny exclusion from the Speedy Trial calculation the time that the government's motions *in limine* were pending.  The motions were not only facially valid, but entirely ordinary.  In fact, the government has filed similar motions in other cases involving the siege of the Capitol.  *See, e.g., United States v. Cuoy Griffin*, Case No. 1:21-cr-92 (D.D.C. 2022) (Motion to limit cross-examination of Secret Service witness at Dkt. 72 and Motion to admit Youtube video at Dkt. 69).  That undermines the defendant's allegations of bad faith and manipulation.

Motions *in limine* can and should be used to request a wide variety of pretrial determinations.  Even seemingly routine and straightforward questions, like the question of whether documents fall within the "business records exception" to the hearsay rule, may be raised through a motion *in limine*.  *See United States v. Kasvin*, 757 F.2d 887, 893 (7th Cir. 1985) (affirming trial court's preliminary determination pursuant to Rule 104 that business records were

admissible pursuant to Rule 803(6)); *see also United States v. Hayes*, 861 F.2d 1225, 1231 n.4 (10th Cir. 1988) (observing, in connection with noting the admission of evidence under Rule 803(6), that "[i]t is within the trial court's province to make preliminary determinations regarding the admissibility of evidence").

The government had an additional good-faith purpose in filing these motions beyond obtaining substantive evidentiary rulings—to use the Court's and the parties' time at trial efficiently. In advance of filing its second motion, the government reached out to counsel for the defendant to confer regarding various subjects that might be raised through pretrial motion, including the authenticity of video footage obtained from the United States Capitol Police. The defendant indicated that he would not be stipulating to any of the items raised by the government, including the authenticity of the videos. With that understanding, the government went forward in filing its second motion *in limine*, in part to streamline its presentation of evidence at trial. It was at that time that the defendant separately indicated that he needed all discovery from all Capitol siege defendants in order to be ready for trial.

Second, the government filed a motion for reconsideration of the Court's ruling regarding the Speedy Trial Act. Dkt. 42. This, too, was filed in good faith. The government takes seriously its obligations under the Speedy Trial Act and is seeking to ensure that the continuance of the trial date to June 3 continues to be in the interest of justice. In its motion, the government pointed out multiple valid, statutory reasons for the relief it sought (exclusion of time from Speedy Trial calculation). *See id*. Such motions are not pretextual but rather the natural outgrowth of the dictates of the Act and the calendar applicable in a given case. *See United States v. Richardson*, 421 F. 3d 17, 29-31 (1st Cir. 2005) (finding no pretext in government's motion to set a trial date and exclude delay where government set forth statutory basis for excluding time).

There was no bad faith or intent to manipulate the speedy trial calculations attendant upon the government's motions. There is no legal basis for this Court to honor the defendant's request to not exclude the time associated with these motions from calculation of the Speedy Trial time. That is especially true where, as here, the defendant has leveled baseless allegations of bad faith and declined to enter into any stipulations, all while never seeking to press for a speedy trial because he says he will have difficulty preparing for the trial date the Court has set.

In all events, the Speedy Trial Act explicitly mandates the exclusion of certain periods of delay when calculating the 70-days-to-trial requirement. Among the periods of delay that must be excluded is "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion. 18 U.S.C. § 3161(h)(1)(F). The motions at issue all qualify as "pretrial motions" for purposes of the Speedy Trial Act. They called for rulings from the Court, and more importantly, raised contested issues treated by both the defendant and the Court as motions. The defendant opposed the motion to reconsider and the instant motion *in limine*; he might have opposed the first motion *in limine*, but the Court ruled on it within days of its filing. The Court also ruled on the motion to reconsider, and has directed full briefing on the instant motion. *See United States v. Van Smith*, 530 F.3d 967, 970-71 (D.C. Cir. 2008) (defining a motion for purposes of the Speedy Trial Act as depending at least in part on whether defendant and Court treated the filing like a motion). The Speedy Trial Act therefore automatically excludes the time consumed by the briefing and disposition of these motions, contrary to defendant's assertions. *See United States v. Tinklenberg*, 563 U.S. 647, 660 (2011) ("We consequently disagree with the Sixth Circuit that the Act's exclusion requires a court to find that the event the exclusion specifically describes, here the filing of the pretrial motion, actually caused or was expected to cause delay of a trial. We hold that the Act contains no such

4

requirement."); *see also United States v. Hemphill*, 514 F.3d 1350, 1357 (D.C. Cir. 2008) ("We have interpreted this phrase to mean what it says: *any* motion will toll the clock.").

    Finally, this Court should grant the government's motion *in limine* to authenticate certain video evidence. Dkt. 47. The defendant has raised no meaningful objection to the factual foundation laid by the motion, and has declined to address any of the legal arguments for the evidence's authentication.

                                Respectfully submitted,

                                Matthew M. Graves
                                United States Attorney
                                D.C. Bar No. 481052

By:    *s/ Susan T. Lehr*
        SUSAN T. LEHR
        Assistant United States Attorney
        NE BAR No. 19248
        Capitol Riot Detailee
        1620 Dodge St., #1400
        Omaha, NE 68102
        (402) 661-3715
        Susan.Lehr@usdoj.gov

        *s/ Cindy J. Cho*
        CINDY J. CHO
        Assistant United States Attorney
        Member of NY Bar
        Capitol Riot Detailee
        10 W. Market St., Ste 2100
        Indianapolis, IN 46204
        (317) 246-0107
        Cindy.Cho@usdoj.gov