**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **NICHOLAS RODEAN**, <br><br> Defendant. | Case No. 1:21-cr-00057 (TNM) |

## <u>MEMORANDUM ORDER</u>

Before the Court is the Government's motion in limine to authenticate video evidence. *See* Mot., ECF No. 47.  Defendant Nicholas Rodean opposes the motion, contending that it is a "relatively routine question" that the Court can address at trial.  *See* Response at 2, ECF No. 48. Rodean also argues that this motion constitutes an attempt by the Government to manipulate time under the Speedy Trial Act (STA), 18 U.S.C. § 3161(h)(1)(D) (excluding "delay resulting from any pretrial motion" from time under the STA).  *See id.* at 1–2.  He asks the Court to deny the Government's motion and hold the time periods associated with this and two other pretrial motions nonexcludable for STA purposes.  *See id.* at 3.  Because all three of the Government's motions are standard pretrial motions, the Court disagrees that the Government is trying to manipulate the STA clock.  It will therefore grant the Government's motion and will toll time under the STA until trial.

Under Federal Rule of Evidence 901(a), "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  One of the ways a proponent can meet this burden is to show an authenticated specimen to enable the trier of fact to compare that specimen and the evidence the proponent seeks to enter.  *See id.* 901(b)(3).

"[T]he threshold for the court's determination of authenticity under Rule 901 is not high[.]"  5 Stephen A. Saltzburg, *et al*., Federal Rules of Evidence Manual § 901.02 (12th ed. 2021); *see also United States v. Hassanshahi*, 195 F. Supp. 3d 35, 48 (D.D.C. 2016) ("[T]he proponent's burden of proof for authentication is slight.") (quoting *McQueeney v. Wilmington Tr. Co.*, 779 F.2d 916, 928 (3d Cir. 1985)).  "The court must admit the evidence if sufficient proof has been introduced to support a finding that the fact does exist, and in spite of any issues the opponent has raised about flaws in the authentication (which only go to the weight of the evidence instead of its admissibility)."  *Id.* (cleaned up).  "The Court need not find that the evidence is necessarily what the proponent claims, but only that there is sufficient evidence that the *jury* ultimately might do so."  *United States v. Safavian*, 435 F. Supp. 2d 36, 38 (D.D.C. 2006).

The Government seeks to authenticate a video taken by an individual at the scene of the Capitol on January 6.  *See* Mot. at 5.  The Government represents that it will introduce U.S. Capitol Police (USCP) video of Rodean breaking a window to get into the Capitol.  *Id.*  The USCP video shows the interior of the Capitol.  The video the Government seeks to authenticate shows the outside of the Capitol.  *Id.*  The Government's motion includes screen shots from each video.  *Id.* at 6.  The USCP screenshot shows the interior of a building and a door flanked by windows.  A crowd of protestors is visible in the window to the right of the frame.  A wooden beam sticks through the window in the left of the frame.  *Id.*  A screenshot of the video the Government seeks to authenticate shows the outside of a building.  A wooden beam sticks through a shattered window.  *Id.*  The Government seeks to authenticate the video based on these screenshots.

2

Rodean does not object to the Government's motion except to argue that it is premature because the Court "cannot consider authentication without the benefit of the foundation laid by the Government at trial."  Response at 2.  But Rodean does not suggest what foundation the Court would need beyond what the Government has already provided.  Nor does he suggest any legal basis for rejecting the Government's motion.

Instead, Rodean argues that the Government is trying to manipulate time under the STA. *Id.* at 1–2.  He argues the motion in limine is "routine" and could be handled during trial.  *Id.* at 2.  More, he says an earlier motion in limine to limit the cross examination of certain witnesses, *see* ECF No. 35, aimed to "circumvent" the STA clock because it was filed about two months before the motions deadline.  Response at 1.  Rodean makes a similar argument about another earlier-filed motion—the Government's motion to reconsider the Court's denial of its motion to toll time under the STA.  *See* Mot. for Reconsideration, ECF No. 42.  This motion is suspect, says Rodean, because it "did not recite this Court['s] well-established [standard] for motions to reconsider."  Response at 1.  Rodean contends these motions are pretextual attempts to toll time under the STA.  *Id.* at 2 (citing *United States v. Richardson*, 421 F.3d 17, 27–29 (1st Cir. 2005), for the proposition that a court may examine whether a motion is pretextual).

A good test for whether a motion is pretextual is whether the Government filed similar motions in similar cases.  The Government passes that test.  It points to *United States v. Couy Griffin*, Case No. 1:21-cr-00092 (D.D.C. 2022), where it filed both a motion to limit cross-examination of Secret Service witnesses, *see Griffin*, ECF No. 72, and a motion to admit a YouTube video, *see Griffin*, ECF No. 69.

True, in *Griffin* the Government did not move to limit the cross-examination of a witness two months before the deadline.  *See Griffin*, 10/26/2021 Min. Entry (requiring parties to file

motions in limine on or before 1/17/2022); *Griffin* motion in limine to limit cross examination

(filed 1/18/2022).  But after the Court immediately denied the motion here, the Government

waited over a month before filing another motion that tolled time.  *See* Order, ECF No. 36

(denying on 2/10/2022 the Government's motion to limit the cross-examination of Secret Service

witnesses); Mot. for Reconsideration (Government filing its next motion on 3/17/2022).  This,

alone, is scant evidence of manipulation.

Nor does Rodean's argument about the Government's motion for reconsideration counsel

differently.  After the Court denied the Government's oral motions to toll time under the STA in

the January 24, 2022, and February 18, 2022, status conferences, the Government moved to

reconsider.  *See* Mot. for Reconsideration.  Rodean claims this motion sought to manipulate the

STA clock because it did not recite the proper standard for a motion to reconsider.  *See* Response

at 1.  But he does not explain why failing to cite the proper standard means the Government was

trying to manipulate time under the STA.

In any event, the Circuit has held that motions to exclude time toll the STA while

pending.  *See United States v. Hemphill*, 514 F.3d 1350, 1356–57 (D.C. Cir. 2008) ("Although

Hemphill urges us to create an exception from the Speedy Trial Act for motions to exclude time,

we decline to do so.  The statute itself excludes the time resulting from "any pretrial motion."

[18 U.S.C.] § 3161(h)(1)(F).  We have interpreted this phrase to mean what it says: any motion

will toll the clock.").

Throughout this case, the Court has expressed its concern at the pace of discovery.  For

example, at a status conference on January 24, 2022, the Court said:  "[W]e are a year in and I'm

just—I'm not willing to keep tolling the speedy trial clock . . . without any kind of confidence

that there's an end in sight or that we're going to be able to keep this trial date."  *See* Hearing Tr.

at 16:4–8, ECF No. 39.  The Court declined to toll at that hearing, *see id.* at 16:10–11, and declined to toll time under the STA at the next hearing, *see* Min. Entry dated 2/18/2022 ("Time under the Speedy Trial Act was not tolled.").

But now multiple other defendants charged for their conduct on January 6, 2021, have gone to trial.  *See, e.g., Griffin*; *United States v. Matthew Martin*, Case No. 1:21-cr-00394 (D.D.C. 2022); *United States v. Guy Reffitt*, Case No. 1:21-cr-00032 (D.D.C. 2022); *United States v. Thomas Robertson*, Case No. 1:21-cr-00034 (D.D.C. 2022); *United States v. Dustin Thompson*, Case No. 1:21-cr-00161 (D.D.C. 2022).  Several of these cases involved felonies, *see, e.g., Robertson, Thompson,* and *Reffitt*, and they were charged at or near the same time as Rodean.  *See Rodean* (charged via information on Jan. 29, 2021); *Reffitt* (indicted on Jan. 27, 2021); *Robertson* (indicted on Jan. 29, 2021); *Thompson* (indicted on Feb. 26, 2021).  These defendants presumably had no more discovery than Rodean.  And Rodean does not suggest what else he needs to prepare for trial.[1]

More, the Government rightly notes that the parties agreed to a June trial date in part because of the defense counsel's schedule.  *See* Mot. for Reconsideration at 3.  The Court at first suggested the trial begin the week of April 4, but defense counsel was unavailable for all of April.  *See id.*  The Court then set trial for June 3.  *See id.*

The Court recognizes Rodean's continued objections to tolling under the STA and recognizes that the Government's rolling productions have placed him in a difficult position to prepare for trial.  But the Court does not find it in the interests of justice to decline to toll time under the STA at this point when part of the reason for the June trial date is defense counsel's

---

[1]  If the Government has not turned over evidence as required under *Brady v. Maryland*, 373 U.S. 83 (1963), that would be a reason to delay the trial and issue sanctions, if appropriate.  But that risk is on the Government, not Rodean.

availability.  At this point, the parties should have the materials they need to prepare for trial, and

indeed, a bench trial will occur in the coming weeks.  In order to allow the parties to properly

prepare for trial, and in light of the scheduling difficulties relating to COVID-19 and counsel's

schedule, the Court finds that the interests of justice outweigh the interests of the public and the

Defendant to the extent that the STA clock should be tolled until the currently-scheduled trial

date.

      For all these reasons, it is hereby

      **ORDERED** that the Government's [47] motion in limine is GRANTED; and it is further

      **ORDERED** that time under the Speedy Trial Act is tolled until June 3, 2022.

**SO ORDERED**.


Dated: April 20, 2022                    _____

                                          TREVOR N. McFADDEN, U.S.D.J.